Statement of the case.

## C. W. BROWN v. URIAH HEARON.

(Case No. 5663.)

66 63
75 483

66 63
79 245
79 494

66 63
80 644
81 41

66 63
82 100

1. GENERAL WARRANTY—ADVERSE CLAIMANTS—A vendor of land, who gives a general warranty of title, when made a party defendant in a suit against his vendee, must defend that title. Defenses, of limitation available to the vendee, or of the sufficiency of any part of the title which he warrants, must be urged by him.

2. SAME—FACT CASE—In a suit for land by A. against H., B., his vendor, who had given a general warranty of title, was made a party defendant. By an agreement between A. and H., a judgment was rendered whereby the land was divided between them. In a subsequent suit by H. to recover of A. upon his warranty, *Held* The judgment rendered upon agreement between A. and H. was conclusive of their respective rights to the divided land, and of a breach of the general warranty of B.

3. PRACTICE—FORMER JUDGMENT—So long as a judgment is not set aside, by direct proceeding for that purpose, it is not error to refuse instructions to the jury which would authorize them to again pass upon questions already conclusively settled by that judgment.

4. EVICTION—WARRANTY OF TITLE—MEASURE OF DAMAGE—In case of breach of general warranty, the warrantee is entitled to recover of the warrantor the purchase money ; and interest upon the purchase money will be allowed as part of his damages in order to counterbalance the claim for *mesne* profits which the owner of the paramount title may recover of the warrantee.

5. SAME—INTEREST—When the premises were occupied by the warrantee, and he has not accounted, nor is accountable, for rents and profits, he is entitled to recover interest upon the purchase money only for the time succeeding eviction. But if, under the statutes of limitation, the holder of the paramount title recovers *mesne* profits for a certain period, the warrantee will be entitled to recover of the warrantor interest for the same period ; and, also, for the time succeeding actual eviction.

APPEAL from Grayson. Tried below before the Hon. Richard Maltbie.

This was a suit by appellee to recover damages of appellant for breach of a general warranty of title to land. The petition alleged that on August 1, 1874, C. W. Brown sold to Uriah Hearon six hundred and forty acres of land, delivering to him a deed which contained a clause of general warranty of title ; that, when sold, the land belonged to A. F. Ammerman, who, on May 11, 1880, brought suit against plaintiff to recover the land ; that plaintiff compromised with Ammerman by having a judgment rendered giving to Ammerman four hundred acres and to himself two hundred and forty acres ; and that defendant, Brown, was made a party to that suit, and did not object to its compromise. The answer of appellant contained a general denial and a special plea alleging that there were, at the time of suit against appellee, facts sufficient to vest title in him by limitation ; that these facts were known to appellee, but that he failed to avail himself of them. The trial resulted in a verdict and judgment against Brown for $6,058.66.

*Brown & Gunter*, for appellant, on breach of warranty, cited : West-rope *v.* Chambers, 51 Tex., 188 ; Peck *v.* Hensley, 25 Tex. Sup., 678 ; Stone *v.* Hooker, 9 Cowan, 154.

On measure of damage they cited : R. S., art. 2976 ; 2 Suth. on Damages, 300, 301 and authorities there cited.

*Hare, Head & Hare*, for appellee on measure of damage, cited : Simpson *v.* Belvin, 37 Tex., 685 ; Turner *v.* Miller, 42 Tex., 418.

STAYTON, ASSOCIATE JUSTICE.—When suit was brought against Hearon by Ammerman, in May, 1880, the appellant was made a party to that action by Hearon, to whom he had conveyed the land with general warranty.     It was his duty, after being made a party, to defend the title which he had warranted.    And we see no reason to doubt that the judgment rendered in that case, though rendered by agreement between Ammerman and Hearon, to which he was not a party, is conclusive evidence, in this, of the breach of warranty contained in his deed.    If Hearon's title was good by limitation, or by reason of the sufficiency of the power of attorney, given by Mrs. Fisher to her husband, to authorize him to make the conveyance through which the appellant held, these matters should have been urged by the appellant, and an adjudication had upon them in the suit then pending.

The judgment rendered in that case must be held to be conclusive evidence in this case of the superior right of Ammerman, to four hundred acres of the land conveyed by appellant to appellee, and of the consequent breach of his warranty to that extent, and the court below, in effect, correctly so informed the jury.   The court below did not err in refusing to give instructions which would have authorized the jury again to pass upon questions conclusively settled, so long as the former judgment is not by some direct proceeding, instituted for the purpose, set aside.    That could not be done in this case, under the facts alleged, even if all the necessary parties were before the court.   We are asked . to reconsider the question in Cannon *v.* Boutwell, 53 Tex., 626, in which it was held that the identical power of attorney through which appellant claimed, gave no authority to Fisher to sell the separate property of his wife.    This we decline to do, as it is not necessary to the decision of the case.    If the decision then made was erroneous, a matter which we do not wish to be understood to intimate, and if the title to Hearon was complete by limitation at the time Ammerman brought suit, it could not change the result in this case, as presented.

Brown sold the land to Hearon, August 1, 1874, and received therefor $8.00 per acre.    On May 11, 1880, Ammerman brought suit for the

land, which resulted in a judgment in his favor for four hundred acres, and in favor of Hearon for the remaining two hundred and forty acres. That judgment was rendered on March 14, 1882, and this action was brought by Hearon against Brown, on February 19, 1884, to recover upon the breach of his warranty.

There was a judgment, under the instruction of the court, in favor of Hearon, for the sum paid for the four hundred acres adjudged in the former suit to belong to Ammerman, and for interest on that sum, at the rate of eight per cent. per annum from the first day of August, 1874; and this is assigned as error. There are several cases in this state in which, without any examination of the question or necessity for declaring the rule as to allowance of interest as a part of the damage to which a vendee is entitled on breach of warranty, it has been said that the purchase money, with interest, would be the true measure of damages.

That the purchase money paid is one of the elements which go to make up the measure of damages, instead of the value of the land at the time of eviction, may be regarded as settled in this state by former decisions, as may it that interest on such sum is another element which must or may enter into the computation. The question is as to the time from which interest should be computed.

It is claimed by the appellant that his vendee was in possession of and using the land from the time of his purchase, and the evidence shows that during that time he actually used a part of it, and was not hindered by any adverse assertion of right from using the entire tract as he might please, and he ultimately acquired title to a part through the purchase, or claim raised by the purchase, and without the expenditure of purchase money other than that paid to appellant.

It does not appear that Ammerman recovered, sought to recover, or could now recover from the appellee *mesne* profits for any part of the time intervening between his purchase and the judgment rendered, which, under the facts presented upon the question to be considered, might be deemed equivalent to an eviction.

The rule is thus stated : "Interest is not recovered when the premises have been occupied by the warrantee, and he has not accounted nor is accountable for the rents and profits. It would be unjust. He who buys a farm or house and lot, agrees to part with the consideration forever for the use of the farm or house and lot forever ; as long as he has the use of the farm or house and lot, so long should the seller have the use of the consideration. In such case, the use and occupation are presumed to be equal to the use of the purchase money.

And, if not, the grantee has no ground for complaint while he is undisturbed in the enjoyment of that for which he was content to pay the purchase money."

"In case of eviction by the owner of the superior title, he is entitled to recover *mesne* profits for such period as is allowed by the statutes of limitation. For this period the grantee is treated as not enjoying the granted premises by virtue of the grant; and for the time he is so liable, as well as for the time succeeding actual eviction, or the fact which is treated as equivalent thereto, interest is recoverable on the principal of the damages allowed. Whenever the circumstances are such as to preclude any recovery for *mesne* profits, interest will not be allowed until eviction." 2 Sutherland on Damages, 300, 301. This rule is sustained by the great weight of authority, and seems to us to be founded on better reason than a contrary rule.

The following cases and authorities sustain the rule and illustrate its application : King v. Kerr's administrators, 5 Ohio, 160 ; Rich v. Johnson, 2 Pin., 89 ; Dille v. Woods. 14 Ohio, 121 ; Harding v. Larkin, 41 Ill., 423 ; Cox v. Henry, 32 Pa. St., 18; Spring v Chase, 22 Maine, 509 ; Fornander v. Dunn, 19 Ga., 500 ; Cognell's Heirs v. Lyon, 3 J. J. Marshall, 40 ; Thompson v. Jones, 11 B. Monroe, 367 ; Wead v. Larkin, 49 Ill., 99; Whitlock v. Crew, 28 Ga., 293; Flint v. Steadman. 36 Vt , 211 ; Bennett v. Jenkins, 13 Johns., 50 ; Rawle on Covenants for Title, 117–120 ; Field on Damages, 466.

For the error in the charge of the court, in reference to the measure of damages, the judgment will be reversed and the cause remanded. It is so ordered.

REVERSED AND REMANDED.

[Opinion delivered April 13, 1886.]