Delivered January 13, 1891.

---

## G. W. McElyea v. C. H. Faires.

### No. 2982.

**Interest — Rescission of Sale of Land.** — Judgment in the District Court was rendered November 15, 1889, for $1292, with 8 per cent interest from January 1, 1886, the purchase money for 70 acres of land deeded by Faires to McElyea, February 10, 1886. It was agreed between the parties in their original contract that McElyea was to pay Faires by conveying to him two tracts of land, one of 400 acres in Brown County at $2 per acre, and one in Zavala County of 492 acres at $1 per acre. May 29, 1886, McElyea deeded to Faires the two tracts, the Brown County tract falling short 34 acres. It was also a part of the original contract that McElyea should pay money in event of his not conveying the lands in Brown and Zavala counties. The title to the Zavala County land was not good, and October 23, 1889, Faires brought suit for the estimated value of the Zavala County land and for the deficiency in the Brown County tract (total $560), with interest from February 10, 1886. McElyea claimed the right to pay in money, and to this Faires acceded. Judgment was thereupon rendered as above, with foreclosure of vendor's lien. *Held:*

1. Interest could not be computed from January 1, 1886. It was not asked in the petition.

2. Interest should not have been computed upon the value of the 366 acres of the Brown County tract, for the plaintiff had the title and possession from February 10 to the rendition of the judgment rescinding the deed.

3. Interest should be computed from May 29, 1886, only upon the $560 to date of judgment.

4. The vendor's lien existed and was properly foreclosed.

APPEAL from Fayette. Tried below before Hon. H. Teichmueller. The opinion gives a statement.

*Moore & Duncan* and *W. S. Robson*, for appellant.—The court erred in rendering a judgment against this defendant and in favor of plaintiff

for 8 per cent interest on any sum over the value of the Zavala County land, which the undisputed facts show had been agreed by the parties at the time of the trade at $492. The appellee could not be entitled to both use and occupation of appellant's land, which so long as held by him was payment for his land, and in addition thereto take interest on the valuation of his (appellee's) land, which he had given in payment.

*Lane & Jackson,* for appellee.—1. If appellee had no right to recover as prayed for in his petition, and appellant had the right to cancel his contract and deeds as prayed for in his answer and as granted by the judgment of the court below, then appellee was entitled to recover legal interest on the purchase price of his land from the date when appellant went into possession thereof, together with the principal sum of $1292.

2. When appellant had for about four years failed to comply with his contract by conveying to appellee good and legal titles to the Brown and Zavala County lands, after appellee had conveyed to him and placed him in possession of his 70 acres of land, and then in this cause seeks to cancel his deeds to appellee and the deeds of the other grantors of appellee to all the land conveyed to him in payment of his 70 acres of land, and to cancel the written contract, and prays that he be permitted to pay appellee the contract price of his 70 acres of land, to-wit, $1292, and the court by its judgment rendered herein grants his prayer and permits him to elect to pay the $1292 and cancels said deeds and contract, appellant ought to be required to pay legal interest on said $1292 from the date he took possession of appellee's land.

STAYTON, CHIEF JUSTICE.—Appellee made a written agreement to convey to appellant 70 acres of land situated in Fayette County, in consideration of $1292, which it was agreed might be paid with two tracts of land claimed by McElyea.

One of these tracts was situated in Brown County, and was understood to contain 400 acres, but it was subsequently ascertained that it only contained 366 acres.

The Brown County land was valued in payment at $2 per acre. The other tract was situated in Zavala County, contained 492 acres, and was valued at $1 per acre.

The agreement contemplated that McElyea should pay money for the land to be conveyed by him if he did not convey the two tracts of land as contemplated. The agreement between the parties provided that McElyea should have a reasonable time within which to convey to Faires, and it seems to have been understood when it was ascertained that the land in Brown County contained less than 400 acres that McElyea should pay in money at the rate of $2 per acre for the deficit.

On February 10, 1886, Faires and wife, in accordance with the former

agreement, conveyed the land in Fayette County to McElyea, who has since been in possession.

On May 29, 1886, McElyea and another conveyed to Faires the 366 acres in Brown County, and of that Faires took and held possession.

On the same day McElyea and others conveyed the 492 acres in Zavala County to Faires, but there is some controversy as to whether that deed was delivered; but that the title to that land was not in McElyea and those who joined him in conveying it is a conceded fact.

Faires brought this action to recover the sum of $560, a sum equal to the agreed value of the Zavala County land and the deficiency in the Brown County land, and on this sum interest was asked from February 10, 1886.

The deed from Faires to McElyea reserved a lien to secure the purchase money.

McElyea set up many matters in defense, not now necessary to state, and claimed the right to pay in money the sum he had agreed to pay for the land conveyed to him, and to have a reconveyance from Faires of the lands which he had conveyed if Faires was unwilling to receive them as they stood in payment.

In this claim Faires acquiesced, and on November 18, 1889, a judgment was rendered in favor of Faires for the sum of $1292, with interest thereon at the rate of 8 per cent per annum from January 1, 1886, aggregating $1693.05. The judgment also canceled the conveyances made by McElyea and others, and declared and enforced on the land conveyed by Faires to McElyea a lien to secure the sum adjudged to be due.

It is contended by appellant that the court erred in rendering a judgment against him for interest on the sum adjudged to be due from January 1, 1886, and that no part of the same should bear interest prior to the institution of this suit; and further that interest should have been allowed only on $492, the price at which the Zavala land was to be received.

We are of opinion that appellant's claims can not be maintained in their entirety in any respect, but think that interest on the agreed value of the 366 acres of land in Brown County should not have been allowed; for that Faires had received in part payment for the land conveyed by him to McElyea, and of that Faires had held the possession, which should be deemed the equivalent of interest on its agreed value.

So long as Faires held that land he ought not to be permitted to claim interest on the sum for which he received it in payment, even though he relinquishes his title to it at request of McElyea.

It is not equitable that he should have interest on the agreed value of the land when he had the use of the land itself without liability to account to any person therefor. Brown v. Hearon, 66 Texas, 65.

The court below probably allowed interest from January 1, 1886, on the theory that the rule applicable to interest on open accounts should govern, but we think this was erroneous.

The plaintiff only asked interest from February 10, 1886, which was the date of his deed to McElyea; but it is evident from the original written agreement between the parties as well as from other evidence that it was not expected that McElyea would at once convey, for it is shown that the parties supposed that some little time would elapse before he would be in a condition to convey; and with a knowledge of that fact Faries agreed to receive the lands when conveyed in full payment of the purchase money, and inserted in the original agreement the following clause: "A reasonable time to be given McElyea to carry out his obligation." The obligation here referred to was to convey to Faries the two tracts of land, or on failure to do so in a reasonable time to pay in money $1292.

The deeds made by McElyea were not made until May 29, 1886, and one of these Faries accepted without objection based on lapse of time; and if he did not receive the other, it was not on account of any delay in the making of it, but because McElyea had no title to convey.

From these facts, we are of opinion that both parties treated the date May 29, 1886, as the time when the obligation to pay matured, whether the payment was made in the land or in money.

This leads us to the conclusion that the estimated value of the 366 acres of land conveyed to appellee, to-wit, $732, should not bear interest prior to the date of the judgment in the court below, but that the balance of the $1292 should bear interest from May 29, 1886.

There are some intimations in the record that appellant may have tendered into court a sum sufficient to satisfy a judgment rendered on this basis, but it is not made sufficiently clear to authorize this court to render a judgment on that assumption. Appellee's right to foreclosure of lien for sum due can not be denied. White v. Street, 67 Texas, 177.

The judgment of the court below will therefore be reversed and the cause remanded, that it may be disposed of in the court below in accordance with this opinion.

*Reversed and remanded.*

Delivered January 13, 1891.