## FIRST NAT. BANK OF ROCKPORT v. BROWN et al. (No. 7951.)

Court of Civil Appeals of Texas. San Antonio.
March 7, 1928.

Rehearing Denied April 4, 1928.

1. **Tenancy in common** ⬅➡44—**Deed to undivided interest in land carries interest in all the property.**

A deed to an undivided interest in a parcel of land carries an interest in the whole land, regardless of its size, and should not be treated as conveying a particular parcel of it.

2. **Appeal and error** ⬅➡883—**Grantor who, when sued on his warranty, agreed to statement of facts placing land in controversy on undivided interest conveyed, could not complain on appeal.**

Grantor of undivided half interest in land, who accepted statement of facts placing land in controversy on the one-half interest of his grantee, and who also accepted trial court's findings, could not complain on appeal, in suit to quiet title and to recover on warranty, that land in controversy should have been distributed over entire tract.

3. **Evidence** ⬅➡383(6)—**In suit involving grantor's liability on warranty, excerpts from minutes of grantor's directors appended to deed, authorizing sale at specified sum were sufficient proof of value of land.**

In suit to quiet title in which defendant joined his grantor to recover on warranty, excerpt from minutes of grantor's directors appended to deed, in which it was recited that sale had been authorized at $5 an acre, was sufficient proof that value of land at time of sale to grantee was that specified.

Appeal from District Court, Aransas County; T. M. Cox, Judge.

Action by George Wildy Gibbs and others, against George W. Brown and others, in which the First National Bank of Rockport was made a party. From a judgment for original plaintiffs and for defendant first named, the First National Bank of Rockport appeals. Affirmed.

W. H. Baldwin, of Rockport, and Beasley & Beasley, of Beeville, for appellant.

E. T. Simmang, Jr., of Corpus Christi, and Drought & Stevens, of San Antonio, for appellees.

FLY, C. J. This is an action of trespass, to try title to 79½ acres of land out of the T. T. Williamson survey in Aransas county, instituted by George Wilby Gibbs, Sallie Gibbs Milliken, and Dorsey Gibbs Morris, joined by her husband, I. J. Morris, against George W. Brown, the First National Bank of Snyder and the First State Bank & Trust Company of Snyder. At the instance of the defendants named, the First National Bank of Rockport, was made a party and recovery sought against it, on the ground of the land having been sold by the First National Bank of Rockport to Brown, and a warranty title thereto having been executed to said Brown. The court rendered judgment for the land in favor of the original plaintiffs, and in favor of George W. Brown, for the sum of $347.50.

George Wildy Gibbs, and those associated with him in bringing the action showed title to the 79½ acres of land sued for, and properly recovered the same. On February 20, 1907, the First National Bank of Rockport conveyed by warranty· deed to George W. Brown, in consideration of $930.75, a one-half undivided interest in and to, a certain tract of 372.3 acres of land, more or less, out of the T. T. Williamson survey in Aransas county. On February 6, 1908, the land was partitioned by deeds, the eastern one-half of the Williamson tract being conveyed and set apart to George W. Brown and the western one-half to John A. McCollough. The statement of facts says: "The 69½ acres sued for was a part of the tract sold by the First National Bank of Rockport to George W. Brown." The 69½ acres sued for fell to Brown in the allotment of the land. The deed given by the First National Bank of Rockport to Brown, was a general warranty deed. The half of the Williamson tract, which was described by metes and bounds, was not indicated in the deed. It was an undivided half of the whole tract.

[1, 2] There is nothing in the statement of facts, which indicates how it was ascertained that a certain parcel of land was a portion of the undivided one-half of a larger tract. A deed to an undivided interest in a parcel of land carries an interest in the whole land, whether it'be large or small. And yet a statement of facts agreed to by all the parties, places the whole of the land in controversy on the undivided one-half interest sold to Brown. Appellant, having accepted the statement of facts as well as the findings of fact of the trial court, is in no position to complain.

[3] Appended to the deed made by appellant is an excerpt from the minutes of the bank directors, in which it is recited that the sale to Brown had been authorized for the sum of $5 an acre and that may be taken as sufficient proof that the value of the land at time of the sale was $5 an acre. It follows that appellant has no cause of complaint on this score. The way was open to it, to show a less value on the land when it was sold, but advantage was not taken of the opportunity. No attack is made upon the measure of damages used by the court.

The judgment is affirmed.