## FIRST NAT. BANK OF ROCKPORT v. BROWN et al. (No. 1198—5202.)

Commission of Appeals of Texas, Section A. April 3, 1929.

W. H. Baldwin, of Rockport, and Beasley & Beasley, of Beeville, for plaintiff in error

E. T. Simmang, Jr., of Corpus Christi, for defendants in error.

### Statement of the Case.

NICKELS, J. A tract of land (of 372.3 acres). was patented to Joseph F. Smith, assignee, prior to 1867. In 1867 Smith conveyed 300.56 acres of· the tract to Hall; Wildy Gibbs et al. acquired Hall's title to 69½ acres of the 300.56 acres. In 1900 the devisees of Smith undertook to convey (and to extent of their power did convey) to First National Bank of Rockport an undivided one-half interest in and to the 372.3-acre tract. February 20, 1927, First National Bank of Rockport by deed of general warranty conveyed (purportedly) to Geo. W. Brown an undivided one-half interest in and to the 372.3-acre tract; in the "description" in the deed the acreage is stated as being 372.3 acres, "more or less"; between the signatures and acknowledgement on the "deed" there appears copy of director's "minutes," authorizing the conveyance, wherein it is recited that the tract contains "372.3 acres by actual surveys made by the bank." The tract, in truth, includes 372.3 acres. By deeds inter sese of date February 6, 1908, Geo. W. Brown, on one hand, and owners (except Wildy Gibbs et al.) of the other interest, on the other hand, partitioned the 372.3-acre tract, so as that the "eastern one-half" was "allotted and set aside to Brown." That "eastern one-half" includes the 69½ acres owned by Wildy Gibbs et al. Brown, on January 3, 1916, executed deed in trust on the "eastern one-half" to secure indebtedness to· First National Bank of Snyder and First State Bank & Trust Company of Snyder.

Wildy Gibbs et al. brought trespass to try title to the 69½ acres against Brown and his mortgagees. Those defendants vouched in First National Bank of Rockport on its warranty and prayed judgment against it (in event Wildy Gibbs et al. should recover) for "damages in the sum of $5 per acre for each * * * acre * * * plaintiffs recover," with interest at 6 per cent. from February 20, 1907 (date of conveyance by First National Bank of Rockport), and costs. Wildy Gibbs et al. recovered the 69½ acres. Brown et al. proved the conveyance of February 20, 1907, on a consideration of $930.75 ($2.50 per acre for the one-half interest); thereupon Brown was given judgment against First National Bank of Rockport for $347.50 (at $5 per acre), with interest at 6 per cent. from February 20, 1907, and costs. First National Bank of Rockport appealed (as against Brown), and the judgment was affirmed by the Court of Civil Appeals. 4 S.W.(2d) 635. Writ of error was allowed on petition asserting error in respects to be noticed.

## Opinion.

1. Inferably, the bank and Brown were acquainted with the land and its characteristics. Five dollars per acre was the basis of value used, and $2.50 per acre was the price at which the bank was willing to sell and at which Brown was willing to buy a one-half interest. Willingness to sell at a price less than value, or to buy at a price in excess of value, has the quality of abnormality, and is not, therefore, to be inferred merely in a contest governed by a general warranty and its breach and intimate to vendor and vendee. If it were true, then, that "price" is not of itself "value," the circumstance of agreement on "price" nevertheless is (at least) some evidence of "value." Brown v. Hearon, 66 Tex. 63, 17 S. W. 395; Minor on Real Property, § 1132; Tiffany on Modern Law of Real Property, § 400.

The parties dealt with the matter on a "per acre price," without notice of any differences in quality, etc., as between various parts of the tract. They did that in negotiating and consummating the sale and in trial of the case; and, in this respect, there is a material difference between the case made here and that made in Raines v. Calloway, 27 Tex. 678, 685. The general rule for recovery of "proportion" of consideration or value in case of partial breach (see 7 R. C. L. pp. 1170, 1171, 1175), with evidence showing value or price "per acre" and lack of evidence suggesting nonaverage value, justifies inference of uniformity of quality. If the 69½ acres were of higher quality or value than the remainder of the tract, it would have been to Brown's interest to prove the "fact"; if the 69½ acres had a comparative inferior quality, the bank's interest would

have been subserved by proof; a "material fact" (nonuniformity of quality, eg.) "capable of proof, but not proved, is presumed not to exist." 10 R. C. L. 884. Accordingly, the first assignment (wherein lack of evidence "as to value" and as to "same average value" is presented) must be overruled.

2. Brown did not ask relief on predicates of fraud, etc., in procuration (7 R. C. L. 1166), mistake, etc. (Smith v. Fly, 24 Tex. 345, 76 Am. Dec. 109), or particular injuries suffered on account of reliance upon misrepresentations about acreage, etc. (Raines v. Calloway, supra). Contrarily, relief prayed was per rights secured by operation of the general warranty and breach, and what we say has relation to the exact case made.

The bank did not undertake to convey the whole of any one or more acres nor the half of the tract as a physical entity. It did, in terms, sell (and undertake to convey) an undivided one-half interest in each and all units of the 372.3-acre tract, and its warranty was given relation to that whose conveyance was undertaken. Title failed, and the warranty was breached in respect to the one-half interest in 69½ acres. The proof (see "1" above) shows that Brown paid $2.50 per acre (or $173.75) for the half interest in the 69½ acres, or that its "value" was $173.75. $173.-75 is, of course, the same "proportion" of the total consideration paid (or value) as 69½ acres is of 372.3 acres, In respect to "principal," that sum represents the amount of recovery which he ought have been allowed. Brown v. Hearon, supra; Brooks v. Black, 68 Miss. 161, 8 So. 332, 11 L. R. A. 176, 24 Am. St. Rep. 259, and cases cited in note; Downer v. Smith, 38 Vt. 464; Minor on Real Property, § 1132; Tiffany on Modern Law of Real Property, § 400; 7 R. C. L. 1170, 1171, 1175, 1176.

The second assignment (of error in measuring Brown's recovery by value of entire interest in the 69½ acres) must be sustained.

3. Eviction did not occur prior to judgment. For aught that appears, Brown had use of the 69½ acres, and the value of its use was satisfactory to him, and was equal, at least, to "interest" on consideration paid.

By force of article 7389, R. S. 1925 (article 7756, R. S. 1911), responsibility of Brown for value of "use and occupation" was restricted to the period commencing on a day two years before "commencement of suit." As authorized in article 7366, R. S. 1925, Wildy Gibbs et al. set up their claim for "rents and profits" and prayed recovery. In the judgment recovery as for "rents," etc., was not given. Wildy Gibbs et al. did not attack the judgment, and as to them it has, by lapse of time, become final. The effect is to relieve Brown of responsibility for "use and occupation" prior to judgment (rendered September 15, 1927). Roberson v. Tom (Tex. Civ. App.) 206 S. W. 723; Rackley v. Fowlkes, 89 Tex. 613, 36

S. W. 77; Beaumont Irr. Co. v. Delaune, 107 Tex. 381, 180 S. W. 98.

Except for the adjudication just mentioned, Brown would have been entitled to interest from a day two years prior to date of suit; but, on account of immunity to responsibility for rents, etc., prior to date of judgment and on account of his use (actual or constructive) of the 69½ acres to that date, he is not entitled to interest, except for the period commencing with day of judgment. Brown v. Hearon, supra; Minor on Real Property, § 1132; 7 R. C. L. 1168, 1174, 1175.

The third assignment (presenting error in allowance of interest from date of the Bank's conveyance) must be sustained.

4. We recommend that the judgments of the district court and Court of Civil Appeals be so reformed as to allow Geo. W. Brown, defendant in error, recovery against First National Bank of Rockport, Tex., plaintiff in error, in the principal amount (only) of $173.-75, with interest thereon at the rate of 6 per centum per annum from September 15, 1927, and costs in the district court, and that such judgments, as thus reformed, be affirmed, with taxing of costs in the Court of Civil Appeals and in the Supreme Court against Geo. W. Brown, defendant in error.

CURETON, C. J. The judgments of the district court and Court of Civil Appeals are both reformed, and, as reformed, are affirmed, as recommended by the Commission of Appeals.