**Calvin M. KUNKEL, Appellant,**

**v.**

**Clara Anita KUNKEL, Appellee.**

**No. 8481.**

Court of Civil Appeals of Texas, Amarillo.

Oct. 21, 1974.

Rehearing Denied Nov. 18, 1974.

Summary judgment voided a deed, prepared for execution by a husband and wife to convey an undivided one-third interest in 258.23 acres of their land allegedly constituting their community homestead, for lack of the wife's signature thereon. The deed, executed by the husuand, was valid ab initio to convey an undivided one-third interest in all land exceeding the homestead limitation; and, their subsequent acts in fully releasing the vendor's lien retained in the deed to secure payment of the vendor's lien notes they signified were paid constituting formal recognition of the validity of the deed, the husband and wife thereby ratified the deed so that it became operative to convey an undivided one-third interest in the remaining homestead portion of the property. Reversed and rendered.

Paul Schur and his wife, Adele Schur, the parents of three sons and three daughters, owned as community property certain lands situated in Wilbarger County. By three separate deeds dated September 20, 1966, they undertook, according to the deed recitals, to convey to each of their three daughters and her husband an undivided one-third interest in their homeplace consisting of two tracts of land aggregating 258.23 acres, reserving all rents and revenues therefrom for their lifetimes. The consideration expressed in each deed was $25,190 represented by a series of seven interest-bearing vendor's lien notes, for which the vendor's lien was retained, payable at annual intervals beginning January 1, 1967.

Two of the deeds were regularly executed and acknowledged, and they are not in issue in these summary proceedings. The remaining deed, the one giving rise to this controversy, purported to convey an undivided one-third interest in the realty to appellant Calvin Kunkel and wife, appellee Clara Anita Kunkel, one of the Schurs' daughters. Although this deed bears a joint acknowledgment form regularly completed to certify that both Paul Schur and Adele Schur acknowledged executing the

Law Offices of Jack Hazlewood, Jack Hazlewood, Fairweather & Hale, Amarillo, for appellant.

Herbert C. Martin, Amarillo, for appellee.

## ON MOTION FOR REHEARING

REYNOLDS, Justice.

Our original opinion reversing the judgment of the trial court and rendering judgment for appellant is withdrawn, and the following opinion, issued sequentially to and as dispositive of appellee's motion for rehearing, is substituted therefor:

deed, the name of Adele Schur is not signed on the deed, and the name of Paul Schur is twice subscribed thereon. The three deeds, filed for record the day they are dated, were recorded on September 29, 1966, the Schur-Kunkel deed being recorded in volume 247 on page 589 of the Deed Records of Wilbarger County.

The Schurs' attorney, who was the notary certifying to the Schurs' acknowledgments of the deeds, mailed to the Kunkels a copy of the deed in which they are the named grantees together with the seven vendor's lien notes for their execution. The first six vendor's lien notes were for the sum of $4,000 each and the seventh note was for the amount of $1,190. Each of the notes stated that it was given in part payment for the described property conveyed by the Schurs to Calvin Kunkel and wife, Clara Anita Kunkel.

By the attorney's transmittal letter, the Kunkels were advised that the Schurs had divided their land among their six children as equally as possible according to the appraised value, and the land received by each was designated. The Kunkels were advised further that a gift of $22,000 of their notes would be made in 1966 and a gift tax return prepared, and the remaining sum of the notes would be given in 1967. As requested, the Kunkels signed the vendor's lien notes and mailed them to Mr. Schur.

Thereafter, the first five $4,000 notes were noted "Paid in full this the 9–29–66" and the sixth $4,000 note was noted "$2,000 paid this the 9–29–66" above the signatures of Paul Schur and Adele Schur. On the same date the Schurs executed and acknowledged a partial release of the vendor's lien retained to secure payment of the vendor's lien notes "described in a certain Warranty Deed executed by Paul Schur, et ux to Calvin Kunkel and wife Clara Anita Kunkel dated the 20th day of September 1966." This unrecorded partial release was mailed to the Kunkels.

Later the sixth $4,000 note upon which $2,000 was shown paid on September 29, 1966, was noted "$2,000 PAID THIS THE 1–10–67" and the seventh note for $1,190 was noted "PAID IN FULL THIS THE 1–10–67" over the signatures of Paul Schur and Adele Schur. Two releases dated January 11, 1967, and February 1, 1967, respectively, were executed and acknowledged by Paul Schur and Adele Schur before their same attorney who completed the notarial certificate on the Schur-Kunkel deed, and both releases were recorded. Other than their dates, the only difference between the two full releases is that the former refers to the partial release of September 29, 1966. Omitting the formal parts, both releases read:

"That in consideration of the payment in full according to the face and tenor thereof, of seven certain vendor's lien notes described in a certain warranty deed executed by Paul Schur and wife, Adele Schur to Calvin Kunkel and wife, Clara Anita Kunkel dated the 29 (sic) day of September 1966, and recorded in Vol. 247 on page 589 of the records of Deeds of Wilbarger County, Texas

"Paul Schur and wife, Adele Schur the owners and holders of said notes, do hereby release the Vendor's lien shown by said deed to exist upon the following described land, to secure payment of said notes viz:

"An undivided one-third interest in the North 258.23 acres of Sections 31 and 32, Block 12, H&TC Ry Co Survey, Wilbarger County, Texas."

It is undisputed that neither Mr. Kunkel nor Mrs. Kunkel made any payment on the notes and that the vendor's lien retained in the Schur-Kunkel deed was gratuitously released.

On March 31, 1971, the Schurs executed separate wills, each naming their six children as beneficiaries. Adele Schur died April 26, 1971, and Paul Schur died December 31, 1971.

In October of 1972, Clara Anita Kunkel secured a divorce from Calvin M. Kunkel in Randall County. The decree of divorce did not mention the property described in the Schur-Kunkel deed, but it contained this provision: "Any property or any rights of the parties not expressly adjudicated and vested by this decree have not been adjudicated and decreed by this judgment and are not included in the pleadings before this Court or in this judgment."

Subsequently, appellee Clara Anita Kunkel initiated these proceedings against appellant Calvin M. Kunkel in the form of a trespass to try title action, alleging that she was the owner of the full one-third interest in the 258.23 acres of land. Alternatively, she sought judgment declaring that the Schur-Kunkel deed is void for the reasons, among others, that (1) it purported to convey the Schurs' homestead without the joinder of the wife, Adele Schur, or (2) there was no consideration for the deed, and that the property thereby passed and vested under the terms of the wills of the Schurs. Other reasons were pleaded for voiding the deed and there were allegations of the construction that should be given the deed if the court should find it valid. However, none of these allegations have been advanced on appeal, by crosspoint or otherwise, to either support the summary judgment entered or to assert an existing material fact issue that would bar summary disposition. Consequently, except for one matter, these allegations will not be further noticed.

Appellant Calvin M. Kunkel answered, asserting the validity of the deed either by the actual joinder therein by Adele Schur or by the subsequent ratification thereof resulting from the full release of the vendor's lien, or on both accounts. Alternatively, he alleged that the deed was a valid conveyance of the interest owned by Paul Schur in the property.

After securing Mrs. Kunkel's answers to written interrogatories and requests for admissions of fact and her deposition, Mr. Kunkel moved for summary judgment. His motion was supported by his affidavit in which he detailed his version of the preceding events and stated that the name Paul Schur appearing on the second signature line of the Schur-Kunkel deed is in the handwriting of Adele Schur.

Mrs. Kunkel then moved for summary judgment. Her motion, supported by her affidavit, asserted that other than the issue as to the signature of Adele Schur to the deed, there is no genuine issue as to any material fact. In her affidavit, she stated that the homeplace involved was the homestead of the Schurs and she denied that any handwriting on the deed is that of Adele Schur.

When both motions were presented to the trial judge for his ruling thereon, he found that the parties admitted the 258.23 acres of land to be, and that it was, the Schurs' homestead; that other than the issue as to the intention of the Schurs not to convey title to Mr. Kunkel, there was no genuine issue of material fact; that the deed is void for failure of Adele Schur to join in the conveyance of her homestead and it could not be ratified; and that there was no language in the releases showing that the Schurs ratified and confirmed the deed to the homestead. In accordance therewith, the trial court, overruling Mr. Kunkel's motion for summary judgment and sustaining Mrs. Kunkel's motion, entered judgment declaring the deed void and that title to the land described in the deed passed and vested under the provisions of the wills of Paul Schur and Adele Schur.

■ By two points of error, appellant Calvin M. Kunkel ascribes error on the part of the trial court in overruling his motion for summary judgment and in granting the motion of appellee Clara Anita Kunkel. Under these points, he has briefed and argued his various contentions why Mrs. Kunkel was not, and why he was, entitled to summary judgment.

Mrs. Kunkel immediately challenges the two points of error as being mere generali-

ties which fail to sufficiently comply with Rule 418, Texas Rules of Civil Procedure, to be considered. The challenge must be overruled. The points of error, calling into question the court's determination of oppugnant motions for summary judgment, are sufficient to comply with Rule 418, T.R.C.P., serving as umbrellas under which argument as to all grounds touching the propriety of the trial court's rulings may be presented. See Malooly Brothers, Inc. v. Napier, 461 S.W.2d 119 (Tex.1970); First National Bank, Perryton, Texas v. McClung, 483 S.W.2d 935 (Tex.Civ.App. —Amarillo 1972, writ ref'd n.r.e.), concurring opinion, p. 938.

On submission, Mrs. Kunkel confined her presentation to the trial court's summary judgment theory that the deed, as an attempted conveyance of the homestead without the joinder or consent of the wife, was void and it could not be, and it was not, ratified. By supplemental brief, she submits that the deed should be held void for lack of consideration, the contention to which we first direct our attention.

The lack of consideration contention is, as we understand it, that since Mr. Kunkel did not plead a deed by gift, but pleaded the consideration for the deed was the vendor's lien notes and since the parol evidence is that the notes were not paid, but that they were gratuitously released, the deed was shorn of every element of consideration. The submission is without citation of any authority sustaining the contention.

■ The contention is necessarily founded on the parol evidence of gift. Unless a deed has been questioned on the ground of fraud, accident or concurrent mistake, and no such question is presented in the record we review, parol evidence disputing the fact of the consideration expressed in the deed is not admissible for the purpose of defeating the deed. Galveston, H. & S. A. R. R. Co. v. Pfeuffer, 56 Tex. 66 (1881). Moreover, the recitations in the Schur-Kunkel deed of the execution of the vendor's lien notes given in payment of the property conveyed and of the vendor's lien expressly retained to secure payment of the notes are not mere recitals, but they are recitations that are contractual in nature which, absent circumstances of fraud, accident or mutual mistake, may not be impeached by parol testimony so as to destroy the unambiguous terms of the notes and deed. Pridgen v. Furnish, 23 S.W.2d 307 (Tex.Comm'n App.1930).

■ Yet, even if the parol evidence of gift were permitted any value to establish that the deed and notes were the means by which a gift of the interest in the land was accomplished, the result is the same. It is too well established to admit to dispute that a donor may validly transfer an estate in his land by deed without consideration therefor, the lack of consideration being an essential characteristic of a gift.

■ In considering the theory upon which the summary judgment was granted, it must be stated at the outset that credence cannot be given to either the stipulation of the parties or the finding of the court that the entire 258.23 acres of land was the homestead of Paul Schur and Adele Schur. This is evident since the parties may not stipulate something as a fact that is prohibited by our constitution, Rich v. Walker Smith Co., 57 S.W.2d 1098 (Tex.Comm'n App.1933, holding approved); and the court may not find a fact, stipulated or otherwise, contrary to the constitutional expression.

■ In Texas, the concept of homestead has its origin in constitutional provisions and not in common law. Art. 16, Sec. 51, of our constitution, Vernon's Ann. St., limits a rural homestead to not more than 200 acres of land. While the courts always have given a liberal construction to constitutional and statutory provisions designed to protect homestead rights, the courts can never protect as rural homestead the excess of 200 acres which is not homestead. Whiteman v. Burkey, 115 Tex.

400, 282 S.W. 788 (1926). Vernon's Ann. Civ.St. art. 4619, in effect on the date of the Schur-Kunkel deed, authorized the husband to dispose of the community property, subject, of course, to the wife's constitutional homestead rights. Therefore, absent fraud, a husband, even without the joinder of his wife, could make at that time a valid conveyance of the community property in excess of the homestead acreage. Hanes v. Hanes, 239 S.W. 190 (Tex.Comm'n App.1922, jdgmt adopted).

Although the record is silent as to whether there ever was a homestead designation made by the Schurs out of the 258.-23 acres, their homestead could not exceed more than 200 acres under any circumstances. Thus, there being no appearance of fraud, Paul Schur could then make, and the plainly unambiguous Schur-Kunkel deed was, a valid conveyance of an undivided one-third interest in the community property that exceeded the Schurs' homestead acreage, even without the joinder or consent of his wife, Adele Schur. To this extent, at least, the deed was valid.

In her motion for rehearing, Mrs. Kunkel assigns error to our statement that the parties stipulated and the trial court found that the entire 258.23 acres were the Schurs' homestead. She takes the position that the purported conveyance of the undivided one-third interest in the two tracts aggregating 258.23 acres means that the land in issue is only 86.07 acres. It follows, she argues, that since there is no evidence that the two separate tracts totalling 258.23 acres constituted the homestead rather than the 86.07 acres in issue, it was the 86.07 acres, being less than the constitutional limitation of a 200-acre homestead, that the parties stipulated and the trial court found to be the homestead of the Schurs.

 Even if the homestead stipulation and finding were misconstrued and they are as Mrs. Kunkel contends, the result is still the same. The Schur-Kunkel deed did not undertake to convey either a particular 86.07-acre tract or only 86.07 acres out of the two tracts of 258.23 acres. By reciting the conveyance to be an undivided one-third interest in 258.23 acres contained in two tracts, the Schur-Kunkel deed undertook 'to convey that interest in the entire acreage in both tracts, the total acreage of which exceeded the homestead limitation, and not a particular 86.07 acres thereof. First Nat. Bank of Rockport v. Brown, 4 S.W.2d 635 (Tex.Civ.App.—San Antonio 1928), reformed and aff'd, 15 S.W.2d 563 (Tex.Comm'n App.1929). Since the deed was designed to convey an undivided one-third interest in each and every one of the 258.23 acres in the two tracts, First Nat. Bank of Rockport v. Brown, 15 S.W.2d 563 (Tex.Comm'n App.1929), the conveyance extended to the land exceeding the homestead acreage, irrespective of which 200 acres may have been designated as the homestead. Consequently, under either construction of the homestead stipulation and finding the summary judgment declaring the deed wholly void was erroneous.

Having determined that the trial court was in error in granting appellee Clara Anita Kunkel's motion for summary judgment, we must now consider whether appellant Calvin M. Kunkel merited summary judgment pursuant to his motion therefor. Tobin v. Garcia, 159 Tex. 58, 316 S.W.2d 396 (1958).

The Texas Constitution, art. 16, sec. 50, specifies that the husband shall not sell the homestead without the consent of his wife given in such manner as may be prescribed by law. Article 1300, V.A.C.S., was in effect on the date of this transaction and it proscribed that the consent of the wife shall be evidenced by her joining in the conveyance, by signing her name thereto, and by her separate acknowledgment thereof taken and certified to before the proper officer in the mode pointed out in Arts. 6605 and 6608, V.A.C.S.

Mr. Kunkel does not contend that summary judgment is warranted on the basis that Adele Schur actually gave her consent

as prescribed by law when the deed was executed by Paul Schur; rather, he contends that the summary judgment proof demonstrates that there is no genuine issue as to the material fact that the Schurs subsequently ratified the deed by their actions in signifying that the vendor's lien notes were paid and in releasing the vendor's lien in formal recognition of the validity of the deed to which the notes and releases referred. No authority has been cited to us, and we have found none in our independent research, speaking to the precise proposition. However, before that determination is made, it is necessary to observe Mrs. Kunkel's declaration that the void character of the deed defies ratification.

Mrs. Kunkel refers to case law holding that an attempted conveyance of the homestead without the joinder of the wife is void insofar as it in any manner affects her interests. See, e. g., Stallings v. Hullum, 89 Tex. 431, 35 S.W. 2 (1896). There is then cited the passages from 26 C.J.S. Deeds § 67 and Pure Oil Co. v. Swindall, 58 S.W.2d 7 (Tex.Comm'n App.1933, holdings approved), reading that a void deed is incapable of ratification.

It is noted, however, that the *Swindall* pronouncement relied on was made in connection with a situation where an instrument is not a genuine deed, it being also stated in the opinion that a genuine deed which is defective for some reason is capable of ratification by acts or declarations of the grantor. Furthermore, the Supreme Court in Humble Oil & Refining Co. v. Clark, 126 Tex. 262, 87 S.W.2d 471 (1935), rejected the theory held by some courts that the lawful terms of a void instrument cannot be made valid by adoption, ratification or confirmation.

Nevertheless, at least since Grissom v. Anderson, 125 Tex. 26, 79 S.W.2d 619 (1935), the prevailing view has been that a purported conveyance of the homestead property by the husband without the joinder of his wife is merely inoperative so long as the property continues to be the homestead, or until the homestead is abandoned, or until the deed is ratified in accordance with law as the grantors have the right to do. It is now well established that a deed, inoperative to divest the wife of her homestead interest because of her non-joinder, is subject to ratification. Greene v. White, 137 Tex. 361, 153 S.W.2d 575 (1941); Reserve Petroleum Co. v. Hodge, 147 Tex. 115, 213 S.W.2d 456 (1948).

Ratification may be said to be the adoption or confirmation by a person, with knowledge of all material facts, of a prior act which did not then legally bind him and which he had the right to repudiate, but which, by the ratification, is given retroactive effect as if originally performed by him. See Brock v. Jones, 16 Tex. 461 (1856); Hays v. Marble, 213 S.W.2d 329, 333 (Tex.Civ.App.—Amarillo 1948, writ dism'd). As applied to a prior written instrument of conveyance, ratification requires neither a re-execution of the conveyance nor an instrument executed in terms that in themselves would constitute a present conveyance, but ratification requires only an instrument executed in formal recognition of the validity of the conveyance to which it refers. Reserve Petroleum Co. v. Hodge, supra.

Mrs. Kunkel makes no attack upon the validity of the releases, but she insists that the releases contain no language that constitutes a formal recognition of the validity of the Schur-Kunkel deed. However, we have concluded that the record before us invokes the principle of ratification.

Each vendor's lien note marked paid over the signatures of Paul Schur and Adele Schur described the property "this day conveyed to Calvin Kunkel and wife Clara Anita Kunkel by Paul Schur, et ux," and each note stated that it was "this day given by Calvin Kunkel, et ux as part of the purchase price for said above mentioned property." The partial release and the two full releases of the vendor's lien

were in writing, duly signed and acknowledged by Paul Schur and Adele Schur with all essential legal formalities, and the two full releases were recorded, thereby binding the parties. There is no question of the verity of the releases and no suspicion that the Schurs, and particularly that Mrs. Schur, did not have full knowledge of the material facts when the releases were executed. Indeed, in releasing the vendor's lien existing upon the property, the Schurs certified that the vendor's lien was shown by "a certain warranty deed executed by Paul Schur and wife, Adele Schur to Calvin Kunkel and wife, Clara Anita Kunkel dated the 29 (sic) day of September 1966, and recorded in Vol. 247 on page 589 of the record of deeds of Wilbarger County, Texas." By these terms, the Schur-Kunkel deed was identified, referred to and recognized as the conveyance previously made. Of the two courses of action open to her with respect to the deed, Mrs. Schur chose to acknowledge the deed on three formal occasions rather than to repudiate it at any time.

Under these circumstances, when the Schurs, signifying full payment of the vendor's lien notes, signed and acknowledged the final release, their acts constituted complete formal recognition of the Schur-Kunkel deed, and Mrs. Schur's acts in so doing were, to all intents and purposes, a signing and acknowledging of the deed itself. The requirements of ratification were fully met, and the Schur-Kunkel deed became fully operative to effect the conveyance stated therein.

Parenthetically, we should notice the trial court's finding, even though Mrs. Kunkel has not advanced it on appeal, that there is a fact issue whether the Schurs intended their deed to convey any title to Mr. Kunkel. Although Mrs. Kunkel pleaded that her parents did not intend that Mr. Kunkel take any interest in the land and that his name was inserted in the deed for tax purposes only, the summary judgment proof shows that Mrs. Kunkel readily conceded that she never personally inquired of

her parents or their attorney of her parents' intent respecting the named grantees. Notwithstanding, she contemporaneously speculated that the language used by the Schurs' attorney in transmitting the copy of the deed and the seven vendor's lien notes for execution by her and her husband amounts to an expression that the Schurs intended that the property be conveyed only to her. The allegation and speculation, amounting to no more than an assertion that the Shurs' intention was different from that they expressed in the deed, are insufficient to outline a fact issue of intent.

◼ The legal effect of the deed is to convey an undivided one-third interest in the land to both Mr. and Mrs. Kunkel. Absent evidence to the contrary, it is presumed that each of them acquired one-half thereof, the same being an undivided one-sixth interest in the property. John Hancock Mut. Life Ins. Co. v. Bennett, 133 Tex. 450, 128 S.W.2d 791 (1939). Mrs. Kunkel made no allegation of fraud, accident or mistake in either the preparation or execution of the deed, and particularly no such allegation with respect to the named grantees. In fact, she pleaded that the Schurs purposively named Mr. Kunkel a grantee. Sans pleadings of fraud, accident or mistake, extrinsic evidence is inadmissible to show, and the legal effect of the deed cannot be varied or changed by extrinsically showing, that the grantors intended an effect different from that which the language of the deed clearly imports. Davis v. Davis, 141 Tex. 613, 175 S.W.2d 226 (1943).

◼ The parties do not suggest that the summary judgment record was not fully developed. In view of the foregoing, the trial court erroneously overruled Mr. Kunkel's motion for summary judgment and erroneously granted Mrs. Kunkel's summary judgment motion. Both points of error are sustained.

The motion for rehearing is overruled. The summary judgment of the trial court

**950**

is reversed. It becomes our duty to render the judgment the trial court should have rendered. Tobin v. Garcia, supra.

Summary judgment is here rendered decreeing that the Schur-Kunkel September 20, 1966 deed is a valid deed conveying to Calvin M. Kunkel and Clara Anita Kunkel an undivided one-third interest in the property described in said deed, by virtue of which each of them became vested with title to an undivided one-sixth interest in and to said property.