## BUTLER v. CONTINENTAL OIL CO.
### No. 11645.

Court of Civil Appeals of Texas. Galveston.

Aug. 3, 1944.

Rehearing Denied Oct. 12, 1944.

844

Wayman & Kleinecke and W. E. Greer, all of Galveston, for appellant.

John R. Moran and Roland B. Voight, both of Houston, for appellee.

MONTEITH, Chief Justice.

This action was originally brought by L. B. Moody, Receiver for Texas Loan & Guaranty Company, in the district court of Harris County, for the recovery from appellee, Continental Oil Company, of certain sums alleged to have been paid for taxes on a tract of land in Galveston County, Texas, owned by appellant, M. B. Butler. Continental Oil Company, as third party plaintiff, filed its action in said suit against appellant, M. B. Butler, seeking a recovery from appellant of any amount L. B. Moody, Receiver, might recover from it in said action.

Appellant, who had been duly served with citation in said third party action, filed a plea of privilege therein to be sued in Galveston County and, on appellee's failure to file a controverting plea thereto, said plea of privilege was sustained and the venue of appellee's third party action against appellant was transferred to the district court of Galveston County.

On a trial of the original suit in the district court of Galveston County, before the court, judgment was rendered in favor of appellee and against appellant in the amount of the judgment rendered against appellee in the district court of Harris County. No findings of fact or conclusions of law were filed by the trial court.

The record shows that in 1938, F. J. Anderson acquired an oil and gas lease on a tract of 600. acres of land in Galveston County, Texas, from L. B. Moody, Receiver for Texas Loan & Guaranty Company. A part of the land covered by this lease was claimed and occupied by appellant, M. B. Butler. In making settlement of this dispute and controversy over the title to said land it was agreed by the parties that appellant would quit-claim his interest in the entire tract of land to L. B. Moody, Receiver, and that Moody, who refused to convey directly to appellant, would convey the entire tract of land to appellee and J. F. Anderson and that they would then convey the surface rights to a certain 150 acre tract out of the larger tract and a 1/48th royalty interest in the larger tract to appellant. In compliance with this agreement, appellant quit-claimed his interest in said land to L. B. Moody, Receiver, and Moody conveyed the larger tract of land to appellee and J. F. Anderson. They then conveyed the surface rights in said 150 acres of land and said royalty interest to appellant by identical deeds, each of which contained the following clause: "It is agreed that the grantee is to assume all taxes on the above 150 acres."

In 1941, L. B. Moody, Receiver, who still retained a 47/48 royalty interest in said 150 acres of land, paid the taxes due thereon. He then filed suit against appellee, Continental Oil Company, in the district court of Harris County for the recovery of the amount so paid. With leave of the court, appellee filed a third party action under Rule 38, Texas Rules of Civil Procedure, seeking recovery over and against appellant, M. B. Butler, of any judgment that might be rendered against him and for the alleged purpose of affording appellant an opportunity to defend against the claims of L. B. Moody, Receiver, in the suit.

In the trial of his third party action in the district court of Galveston County, appellee, by amended pleadings, alleged in detail the agreement between appellant and L. B. Moody, Receiver. It alleged that the conveyance by Moody to appellee and J. F. Anderson of said tract of land was accepted by them solely for the use and benefit of appellant, with his knowledge and consent

and as his agent, and that, in conformity with said agreement, they had promptly conveyed the surface rights in said 150 acre tract of land to appellant by instruments containing covenants obligating appellant to pay the taxes due thereon; that L. B. Moody, Receiver, had paid the taxes that were due on said land; that said taxes had been duly levied and assessed for the years claimed and that he had recovered judgment against appellee for the amounts so paid based upon the tax covenant which appellee had assumed for the benefit of appellant and as his agent and which appellant had assumed in the deed from appellee to him. In the alternative appellee sought recovery for breach of covenant, for money paid by itself on behalf of the appellant and for his use and benefit as his agent.

█ █ It is the settled law in both Texas and other states that, where a person who is responsible to another for whatever may be recovered in a suit, either by operation of law or by express contract, has notice of a suit against the latter and has been given an opportunity to appear and defend, the judgment which is rendered in the action, if obtained without fraud, will be conclusive on him whether he appeared or not. It is uniformly held that, in such a case, the person responsible over is no longer regarded as a stranger because he has had notice of the action, the right to appear and defend the action and the same means of controverting the claim asserted as if he had been made a formal party to the record and that it would be unreasonable to permit him to contest the justice of the claim in the suit against himself, after having neglected or failed to show its injustice in the suit against the person to whom he is responsible over. While a judgment of this character is conclusive upon a person responsible over insofar as the issues actually litigated are identical with the issues involved in a subsequent action against such person by the defendant in the first action, the judgment will not determine the question as to whether he is in fact responsible over, nor will it preclude him from setting up any defenses which, from the nature of the action or the pleadings, he could not have interposed in the first action had he been a formal party to it. 34 Corpus Juris, 1031, "Judgments," Section 1463; 15 Ruling Case Law, page 1017, Sec. 489.

The above rule is approved in the following authorities: Washington Gas Light Co. v. District of Columbia, 161 U.S. 316, 16 S.Ct. 564, 40 L.Ed. 712; Corvallis & A. R. Co. v. Portland, E. & E. Ry. Co., 84 Or. 524, 163 P. 1173; Restatement, Law of Judgment, Sec. 108; Black Judgments, 2nd Ed., Sec. 574, Vol. 2, pages 864–865; Freeman Judgments, 5th Ed., page 978; Estep v. Bailey, 94 Or. 59, 185 P. 227; Brown v. Hearon, 66 Tex. 63, 17 S.W. 395; Brader v. Zbranek, Tex.Civ.App., 213 S.W. 331; Patrick v. Laprelle, Tex.Civ.App., 40 S.W. 552; Sanger v. Magee, 29 Tex.Civ.App. 397, 69 S.W. 234, 235; Burley v. Compagnie de Navigation, 9 Cir., 194 F. 335.

In 30 American Jurisprudence, 976, 977, Sec. 248, it is said: "However, there are circumstances under which a judgment against an agent may be binding on the principal or visa versa. The principal or agent may be bound by a judgment against the other * * * where the principal or agent was notified of the action and given an opportunity to defend under circumstances requiring him to do so."

2 Corpus Juris 800, Sec. 467, lays down the rule that " * * * where the principal, although not a party to a suit against his agent, is duly notified of the pendency of the suit and requested to appear and defend it, and fails to do so, he cannot dispute the recovery therein against his agent." See also 3 C.J.S., Agency, § 199.

In the instant case, appellee not only served appellant with notice of the claims of L. B. Moody, Receiver, by its third party action in the Harris County suit, but, by said action, it gave him the right to urge all conceivable defenses he might have against the Moody claims in that suit. The trial court in the Harris County suit found that L. B. Moody, Receiver, had paid taxes which had been duly levied and assessed against said land in the amount of $1187.76, and rendered judgment against appellee in that amount in said suit.

Further, appellee introduced evidence in the Galveston County suit showing that state, county and school district taxes had been duly and legally assessed and levied against said 150 acres of land and receipts showing that the taxes so levied and assessed had been paid by L. B. Moody, Receiver.

█ Since this case was tried before the court without a jury and no findings of fact were made by the trial court, this court must presume that the trial court found all facts necessary to support its judgment, including the facts above referred to  Flint v. Knox,

Tex.Civ.App., 173 S.W.2d 214; Shotwell v. Phillips, Tex.Civ.App., 180 S.W.2d 223; State v. Balli, Tex.Civ.App., 173 S.W.2d 522; Cogdell v. Martin, Tex.Civ.App., 176 S.W.2d 982; Gieb v. Goebel Brewing Co., Tex.Civ.App., 176 S.W.2d 975.

Under this court's conclusion that the taxes against said 150 acres of land had been duly levied and assessed in the amount of the judgment rendered against appellee in the district court of Harris County and that said judgment had been paid by appellee, the question then presented is whether such a relationship existed between appellant and appellee as to render appellant liable to appellee for the amount so paid by appellee.

■■ It has been uniformly held that a principal is bound to indemnify his agent when the agent has suffered an adverse judgment on a covenant assumed by the agent on behalf of the principal and that, when an agent in the direct performance of an act for his principal invades the rights of third persons and incurs liability to them, the loss should fall rather upon him for whose benefit and by whose direction the act was done than upon the agent whose only intention was to do his duty to his principal. Meachem, Agency, 5th Ed., Sec. 1603.

It has been further held that, where an agent who had purchased and shipped property for his principal, for which his principal has failed to pay, was sued for the purchase price of the property and was compelled to pay it, the principal was bound to reimburse him for the amount so paid and for his costs and attorney's fees. Meachem, Agency, 5th Ed., Sec. 1606; Clark v. Jones, 16 Lea 351, 84 Tenn. 351.

The agent's right to indemnity in an action of this character is not confined to cases wherein a tort obligation has been incurred to a third person by reason of the agent's acts, but it extends also to contractual obligations properly incurred in the execution of the agency and on the principal's account. Meachem, Agency, 5th Ed., Sec. 1607.

The above rule is approved in the following authorities: John Maynard Lumber Co. v. Brazell, Tex.Civ.App., 28 S.W.2d 877; Morgan v. Rose, Tex.Civ.App., 62 S.W.2d 1022; Oats v. Dublin National Bank, 127 Tex. 2, 90 S.W.2d 824; 2 Tex.Jur., 620.

■■ In the instant case it is undisputed that appellee never had or received any beneficial interest in said land under the deed from Moody, Receiver, to him and that he received no beneficial interest therefrom during the short period of time it held title thereto prior to the date of the delivery of the deed to appellant. Appellant admits, both in his pleadings and in his brief, that both the deed from Moody, Receiver, to appellee, and the deed from appellee to himself were executed for the purpose of settling the controversy between Moody, Receiver, and himself and that he assumed the payment of the taxes due on said land in the deed from appellee to him. Appellee pleaded that it had acted solely as appellant's agent in accepting the deed to said land, and in assuming the tax covenant contained therein. There is ample evidence in the record to support these findings. No findings of facts by the trial court having been made, we must presume that all fact issues having support in the evidence, including the above facts, were found by the trial court in support of his judgment.

■ Appellant contends under an appropriate point that the trial court erred in overruling the second exception contained in his original answer wherein he excepted to appellee's pleading of the facts in reference to the Harris County suit and its results. Under the facts in the record this point cannot be sustained. The record shows that after the trial court had overruled appellant's exception, appellee filed its Second Amended Original Third Party Petition and that appellant then filed an answer thereto. No action was taken by the trial court on any exceptions made to appellee's latest pleading which superseded the pleading to which the exception was made. Under Rule 90, Texas Rules of Civil Procedure, any such exception is deemed to have been waived unless brought to the attention of the trial court prior to the rendition of the judgment.

It follows that the judgment of the trial court must be in all things affirmed.

Affirmed.