**M. W. ENDER, Appellant,**

v.

**The FIRST NATIONAL BANK OF MARSHALL, TEXAS, Appellee.**

No. 8153.

Court of Civil Appeals of Texas, Texarkana.

April 10, 1973.

Rehearing Denied May 1, 1973.

Don Stokes, Stokes & Stokes, Marshall, for appellant.

Sam R. Moseley, Moseley & Moseley, Marshall, for appellee.

CHADICK, Chief Justice.

The First National Bank of Marshall, Texas, instituted a lawsuit in a District Court of Harrison County for the purpose of collecting a $6,913.14 promissory note executed by M. W. Ender and dated July 2, 1970. The bank's prayer was for judgment against Ender for the amount of the note, interest, attorney fees, costs, and such other relief it might be entitled to have. Judgment in harmony with the prayer was entered in the trial court.

At trial time, Ender's answer plead release, accord and satisfaction, and expanded thereon by alleging the bank accepted without recourse on Ender a promissory note of the face amount of $6,913.14, made by Telaro, Inc., payable to Ender and dated July 7, 1970, in satisfaction of the debt evidenced by Ender's note first mentioned

above. Ender's trial pleading contained additional allegations that:

1. Ender sold his stock and interest in Telaro, Inc., a Texas corporation, to Ches Bethea and Earl L. Moon, and as payment therefor Ender received Telaro, Inc.'s, promissory note described in the initial sentence of this paragraph;

2. Bethea and Moon enriched themselves by taking the assets of Telaro, Inc., without adequate consideration;

3. Individual and corporate transactions between and among Telaro, Inc., Bethea and Moon were not kept separate and distinct, and that the separate "individualities" of Telaro, Inc., and its stockholders, Bethea and Moon, ceased to exist;

4. Telaro, Inc., was the alter ego of Bethea and Moon and existed as a shadow of their "personalities."

Telaro, Inc., Bethea and Moon were impleaded as parties defendant.

As the whole record is construed, the trial court severed from the action plead by the bank against Ender any other proposed or purported action stated in the pleadings, along with the parties thereto. Thus, the suit tried had the bank as sole plaintiff and Ender as sole defendant. The severance order is not in the trial record and its specifics are not before this court. However, the severance order is referred to in a written objection filed by counsel for Ender and overruled by the trial judge's notation thereon. Such instrument is in the transcript. From a defensive standpoint, a fair construction of the record indicates that Ender's defenses to the bank's action, affirmative or otherwise, remained as plead and were unaffected by the severance. Nothing in the transcript or statement of facts shows that introduction of evidence in support of any defense plead by Ender was curtailed or denied as a result of the severance order.

■ Appellant Ender asserts by his first point of error that it was an abuse of discretion for the trial judge to order severance as above mentioned. In argument under the point, it is conceded that an independent action against a party may be severed and proceeded with (tried) separately under the provisions of Tex.R.Civ.P. 41. See Kansas University Endowment Association v. King, 162 Tex. 599, 350 S.W.2d 11 (1961); Hall, Severance and Separate Trial in Texas, 36 Tex.Law Rev. 339. The bank did not seek recovery from Telaro, Inc., Bethea or Moon; nor does the record show that these parties sought affirmative relief from the Bank. Ender was at liberty, as well after severance as before, to offer proof that the bank by its agreement or conduct had accepted without recourse the Telaro, Inc., note in satisfaction of the debt evidenced by Ender's note, or any other defense set out in Ender's pleading. Also, after severance Ender was free to prosecute such action as he had plead against Telaro, Inc., Bethea and Moon.

■ For severance in this instance to constitute an abuse of discretion, the burden is on Ender to demonstrate that full relief could not be decreed in the bank's suit against him in the absence of Telaro, Inc., Bethea and Moon as parties to such action. See Rose v. Baker, 138 Tex. 554, 183 S.W.2d 438 (Tex.Com.App. Op. adpted 1944); Pierce v. Reynolds, 160 Tex. 198, 329 S.W.2d 76 (1959). The absence of parties caused by severance may have operated as something of a surprise and undercut Ender's plans and strategy in the presentation of witnesses or evidence, but delay or continuance was not requested on such grounds. Failure to preserve a complaint on this basis waived it. As harm growing out of the severance, appellant also claims that he was deprived of a property right without due process, arguing that, "[E]ven if Appellant had desired to bring a separate action [on the Telaro, Inc., note] against the impleaded parties for recovery he could not as he had divested himself of all property interests therein when he gave the note to Appellee without recourse." The bank's position in the case

was that the Telaro, Inc., note was collateral securing the Ender note, and payment of the Ender note would release such security to Ender. Neither severance nor the judgment entered placed an obstacle to surrender of the Telaro, Inc., note to Ender upon payment of the Ender note. Under these circumstances, neither the bank's pleadings nor the judgment of the court stood or will stand as a bar to Ender asserting an action on the Telaro, Inc., note against the impleaded parties. Appellant's first point of error is overruled.

The second of appellant's two points is that execution of the Ender note was not proven, and the trial court erred in admitting it into evidence. Besides acknowledging the existence of the note in his pleadings, as previously mentioned, the Ender note is the foundation of the bank's suit against Ender. Execution of the note was not denied under oath. The President of the bank testified the note introduced into evidence bore the signature of M. W. Ender, that he negotiated the loan represented by the note with Ender and had the note instrument prepared under his direction. He stated Ender delivered the note with his, Ender's, signature on it to the bank, and that he, the President, indicated his approval of the note by initialing it, but that he was not present when Mr. Ender actually signed his name to the note instrument. The evidence also shows the note was in the bank's custody after being tendered to it by Ender.

 Though the evidence is overwhelming that Ender executed the note, the rule applicable here is stated in broad terms in 23 Tex.Jur.2d Evidence, Sec. 267: "The execution of an instrument need not be proved * * * if the party producing it is a party thereto * * *, or if it is the foundation, in whole or in part, of any pleading and the execution of the instrument is not denied under oath." The note was clearly admissible in evidence. See also Bittner v. La Pryor State Bank, 45 S. W.2d 698 (Tex.Civ.App. San Antonio 1931,

no writ); First National Bank in Pleasanton v. Southwestern Investment Company, 301 S.W.2d 192 (Tex.Civ.App. Amarillo 1957, error dism'd); Butler v. Merchants National Bank of Mobile, 325 S.W.2d 229 (Tex.Civ.App. San Antonio 1959, no writ); Tex.R.Civ.P. 93.

Appellant Ender in his motion for rehearing pointed out an inaccuracy in the original opinion. To make correction, the original opinion is withdrawn and this substituted for it.

The judgment of the trial court is affirmed.

CORNELIUS, J., not participating.