SHANK, IRWIN, CONANT & WILLIAMSON and Al Hill, Jr., Appellants,

v.

DURANT, MANKOFF, DAVIS, WOLENS & FRANCIS, Appellee.

No. 05–87–00154–CV.

Court of Appeals of Texas, Dallas.

March 16, 1988.

Rehearing Denied May 3, 1988.

David M. Pruessner, Mark M. Petzinger, Dallas, for Shank Irwin.

Stephen A. Khoury, Dallas, for Al G. Hill, Jr.

A. Erin Dwyer, Donald Colleluori, Dallas, for appellee.

Before ENOCH, C.J., and CARVER[1] and SCALES[2], JJ.

ENOCH, Chief Justice.

This is a summary judgment case. Appellant Shank, Irwin, Conant & Williamson ("Shank Irwin") appeals a summary judgment awarded Appellee Durant, Mankoff, Davis, Wolens & Francis ("Durant Mankoff") on its contract action against Shank Irwin. Shank Irwin contends that Durant Mankoff is not entitled to summary judgment because Shank Irwin executed the contract solely as an agent for Appellant Al Hill, Jr. ("Hill"). Hill also appeals the summary judgment granted Durant Mankoff on Hill's claim in which Hill sought to challenge Durant Mankoff's right to any recovery on its contract action against Shank Irwin. For the reasons set forth below, we reverse the trial court's judgment as to Shank Irwin and affirm it as to Hill.

### THE FACTS

The agreement at the center of this controversy arose in the context of a divorce proceeding between Hill and his wife, Victoria Hill. Durant Mankoff represented Victoria Hill. During the settlement of the divorce, based on information gathered in representing Victoria Hill, Durant Mankoff proposed to render tax opinions as to business transactions involving Mr. Hill and related entities. In return for this advice, Durant Mankoff was to receive $85,000.00.

According to affidavits of Mr. Hill and A.B. Conant, Jr. (a partner with Shank Irwin), this arrangement was intended to allow Mr. Hill to pay a portion of the legal fees incurred by Victoria Hill in the divorce in a manner that would allow Mr. Hill to deduct it from his income for federal income tax purposes. Mr. Conant stated, in his affidavit, that Shank Irwin agreed to facilitate this arrangement and to assure Durant Mankoff that it would receive its fee.

Representatives of Durant Mankoff and Shank Irwin executed a letter setting forth the terms of the agreement (the "engagement letter"). This letter specified that Durant Mankoff would provide Shank Irwin with income tax opinions regarding business transactions involving Mr. Hill and related entities. The letter stated that Durant Mankoff's fee would not exceed $85,000.00, but it did not state whether Shank Irwin or Hill would pay the fee. In the letter, Durant Mankoff also stated its opinion that the fee would be tax deductible. The letter was signed by representatives of Durant Mankoff and Shank Irwin. Hill did not sign the engagement letter, and the letter did not state that Shank Irwin was signing solely on Hill's behalf.

After receiving the tax opinions, Hill concluded that they were valueless to him because they involved no more than basic applications of tax and corporate law principles and because they represented a "rehash" of opinions prepared by Hill's accounting firm and submitted to Durant Mankoff. In addition, Hill concluded that, given the circumstances, he could not legally deduct the $85,000.00 fee if he paid it. Therefore, Hill refused to pay Durant Mankoff the fee.

Durant Mankoff demanded that Shank Irwin pay the fee, and Shank Irwin filed suit seeking a declaratory judgment against Durant Mankoff.[3] Shank Irwin also filed an action against Hill for indemnity and reimbursement. Durant Mankoff counterclaimed against Shank Irwin, seeking recovery of the $85,000.00 fee plus interest, attorneys' fees, and costs. Hill filed a cross action against Durant Mankoff, seeking attorneys' fees and a judgment "denying all relief sought with reference to the $85,000 fee."

Durant Mankoff sought a summary judgment on its counterclaim and on Shank Irwin's and Hill's claims against it. Hill filed a written response and summary judg-

---

1. The Honorable Spencer Carver, Justice, retired, Court of Appeals, Fifth District of Texas at Dallas, sitting by assignment.
2. The Honorable R.T. Scales, Justice, retired, Court of Appeals, Fifth District of Texas at Dallas, sitting by assignment.

3. Although Shank Irwin is representing itself in this appeal, it was represented by outside counsel in the trial court.

ment evidence intended to raise fact issues as to whether Durant Mankoff was entitled to its $85,000 fee. Shank Irwin filed Conant's affidavit, but it filed no other written answer to Durant Mankoff's motion.

Durant Mankoff was granted summary judgment on all claims against it and on its counterclaim as to all matters except the reasonableness of attorneys' fees incurred by Durant Mankoff in the action. The attorneys' fees issue was tried to a jury. The trial court entered final judgment for Durant Mankoff on all claims and severed Shank Irwin's claim for indemnity against Hill. Shank Irwin appeals the trial court's judgment as to Durant Mankoff's contract claim. Hill appeals the trial court's judgment on his action against Durant Mankoff and its severance of the indemnity claim.

## SHANK IRWIN'S APPEAL

In its first point of error, Shank Irwin states that the trial court erred in granting Durant Mankoff's motion for summary judgment as to the contract claim. In support of this point, Shank Irwin relies on this Court's decision in *Eppler, Guerin & Turner, Inc. v. Kasmir*, 685 S.W.2d 737 (Tex.App.—Dallas 1985, writ ref'd n.r.e.). In that case, applying the basic principle that an agent who contracts on behalf of a disclosed principal is not liable on the contract, this Court held that "when an attorney contracts with a third party for goods or services in connection with the attorney's representation of a particular client and the third party is aware of these facts, the attorney is not liable on the contract unless he either expressly or impliedly assumes some type of liability." *Eppler, Guerin & Turner*, 685 S.W.2d at 738. Shank Irwin points out that Durant Mankoff's counterclaim against Shank Irwin and its motion for summary judgment were based solely on Shank Irwin's obligations under the engagement letter. No other express or implied assumption of liability was asserted as a basis for recovery. Shank Irwin then asserts that Durant Mankoff is not entitled to summary judgment on the basis of the engagement letter because the engagement letter demonstrates that Shank Irwin was acting only as an agent for its client, Al Hill, in executing that letter.

In its brief, Shank Irwin contends that, although it did not file a formal written response to Durant Mankoff's motion for summary judgment, its filing of Conant's affidavit was sufficient to raise the issue of its agency status. Shank Irwin also contends that Durant Mankoff's own summary judgment motion and evidence raised the issue of Shank Irwin's agency status. In support of this latter contention, Shank Irwin notes that Durant Mankoff, in its motion for summary judgment, stated that Shank Irwin and Durant Mankoff were the only parties to the agreement. Shank Irwin points out, however, that the engagement letter clearly indicates that Durant Mankoff was to render tax advice for the benefit of Shank Irwin's client, Al Hill, Jr., and related entities. Shank Irwin argues that the engagement letter in this case is indistinguishable from the letter of agreement considered by this Court in *Eppler, Guerin & Turner*. This Court held that the letter of agreement in *Eppler, Guerin & Turner* conclusively established that the attorneys in that case were acting only as agents for a disclosed principal and, therefore, were not liable on the letter of agreement. *Id.* at 739.

Durant Mankoff raises two arguments in response. First, Durant Mankoff contends that *Eppler, Guerin & Turner* held only that the defense of agency was established on the basis of the facts of that case and that in this case the summary judgment evidence clearly established that Shank Irwin had obligated itself on the engagement letter. Second, Durant Mankoff contends that Shank Irwin is precluded from raising the matter of its agency status in this Court since it failed expressly to present this issue to the trial court in a written response to Durant Mankoff's motion for summary judgment.

For the reasons explained below, we conclude that we may consider the issue of Shank Irwin's agency status in determining whether Durant Mankoff has established its entitlement to summary judgment. Construing the engagement letter in light

of *Eppler, Guerin & Turner,* we further conclude that the summary judgment evidence conclusively establishes that Shank Irwin is not obligated on the engagement letter. Therefore, we reverse the trial court's judgment as to Shank Irwin.

Texas Rule of Civil Procedure 166a governs summary judgments. Section (c) of that rule provides in part:

> The judgment sought shall be rendered forthwith if [the summary judgment evidence shows that] there is no genuine issue of material fact and the moving party is entitled to judgment as a matter of law on the issues expressly set out in the motion or in an answer or any other response. Issues not expressly presented to the trial court by written motion, answer, or other response shall not be considered on appeal as grounds for reversal.

TEX.R.CIV.P. 166a(c).

The primary case interpreting Rule 166a(c) is *City of Houston v. Clear Creek Basin Authority,* 589 S.W.2d 671 (Tex. 1979). In that case, the Supreme Court reaffirmed that the moving party must establish his entitlement to a summary judgment on the issues expressly presented to the trial court by conclusively proving all essential elements of his cause of action or defense as a matter of law. *Id.* at 678. Consequently, the opposing party, regardless of whether he has filed a response to the motion for summary judgment, may contend on appeal that the grounds expressly presented to the trial court by the motion for summary judgment were insufficient as a matter of law to support summary judgment. *Id.* That is, under *Clear Creek,* a party opposing summary judgment may always contend on appeal that the movant has failed to discharge his summary judgment burden. If the opposing party has failed to respond to the motion for summary judgment, however, he may raise *no other grounds* for reversal. If he wishes to raise an affirmative defense to defeat the movant's entitlement to summary judgment, he must expressly present that defense to the trial court, by written answer or other response. *Id; see also*

*Cottrell v. Carrillon Associates, Ltd.,* 646 S.W.2d 491, 493 (Tex.App.—Houston [1st Dist.] 1982, writ ref'd n.r.e.).

■ In this case, other than Conant's affidavit, Shank Irwin filed no written response to Durant Mankoff's motion for summary judgment. Even if Conant's affidavit contained statements which would raise a fact issue with regard to Shank Irwin's agency status, this affidavit did not, by itself, constitute a "written answer or other response" expressly presenting the agency issue to the trial court. *Holmes v. Dallas International Bank,* 718 S.W.2d 59, 60 (Tex.App.—Dallas 1986, writ ref'd n.r.e.) (a fact issue is not expressly presented by an affidavit filed in opposition to a motion for summary judgment, even though the affidavit may state information that would raise a fact issue regarding an affirmative defense, if the answer or written response fails to point out the fact issue raised by the affidavit); *accord Cottrell v. Carrillon Associates, Ltd.,* 646 S.W.2d 491, 493 (Tex.App.—Houston [1st Dist.] 1982, writ ref'd n.r.e.).

Consequently, with respect to its contention on appeal that the summary judgment evidence presents an issue as to its agency status, Shank Irwin is in the position of a nonmovant who has filed no written answer or other response. Therefore, we must first decide whether Shank Irwin's claim that the engagement letter itself raises the issue of Shank Irwin's status as an agent for a disclosed principal is a challenge to the legal sufficiency of Durant Mankoff's grounds for summary judgment. If so, it is an issue which Shank Irwin may raise despite its failure to respond to Durant Mankoff's motion. On the other hand, if Shank Irwin's claim is an affirmative defense, Shank Irwin is precluded from raising it on appeal because of Shank Irwin's failure to present this defense to the trial court.

■ In this case, the existence of a contractual relationship between Durant Mankoff and Shank Irwin is an essential element of Durant Mankoff's action against Shank Irwin. *See Koenning v. Manco Corp.,* 521 S.W.2d 691, 695 (Tex.

Civ.App.—Corpus Christi 1975) (to plead a contract action, plaintiff's petition must include an allegation of a contractual relationship), *writ ref'd n.r.e. per curiam,* 531 S.W.2d 805 (Tex.1975). Furthermore, in the grounds for summary judgment presented in its motion, Durant Mankoff states that Shank Irwin and Durant Mankoff entered into the written agreement represented by the engagement letter and that they *were the only parties* to the agreement. However, unless the parties have agreed otherwise, a person making a contract with another as an agent for a disclosed principal is *not* a party to the contract and is not obligated on the contract. *Anderson v. Smith,* 398 S.W.2d 635, 637 (Tex.Civ.App.—Dallas 1965, no writ); *accord Ross F. Meriwether & Associates, Inc. v. Aulbach,* 686 S.W.2d 730, 731 (Tex. App.—San Antonio 1985, no writ). Here, the contract which forms the basis of Durant Mankoff's action, when construed in light of *Eppler, Guerin & Turner,* shows on its face that Shank Irwin was acting as an agent for a disclosed principal. Therefore, the engagement letter itself presents an issue as to whether a contractual relationship existed between Shank Irwin (in its individual capacity) and Durant Mankoff. Under these circumstances, we conclude that Shank Irwin's claim that it was acting as an agent for a disclosed principal presents an issue as to whether Durant Mankoff has met its summary judgment burden. Thus, this issue can be considered on appeal.

Cases involving suits on sworn accounts under Texas Rule of Civil Procedure 185 support our decision to consider Shank Irwin's claim a challenge to the legal sufficiency of Durant Mankoff's grounds for summary judgment. In two cases decided after *Clear Creek,* the courts of appeals have reversed summary judgments in favor of plaintiffs on the basis of defendants' contentions that the evidence which the plaintiffs submitted in support of the motion for summary judgment created a fact issue as to whether the appealing defendant was a party to the transaction. *Keever v. Hall & Northway Advertising, Inc.,* 727 S.W.2d 704, 705–06 (Tex.App.—Dallas 1987,

no writ) (individual defendant claimed that he was not personally liable for debt allegedly owed by corporation); *Lee v. McCormick,* 647 S.W.2d 735 (Tex.App.—Beaumont 1983, no writ). In each case, the appealing defendant had failed to file a timely response to the motion for summary judgment, and the court of appeals' reversal was based on the plaintiff's failure to establish that it was entitled to judgment as a matter of law. *Keever,* 727 S.W.2d at 705–06; *Lee,* 647 S.W.2d at 738–41. Thus it is clear that in both cases the courts considered the defendants' claims to be an attack on the legal sufficiency of the grounds of the plaintiffs' cases.

Durant Mankoff argues that, even if we consider the issue of Shank Irwin's agency status, Durant Mankoff has still conclusively established that it is entitled to summary judgment on the engagement letter. Noting that Texas law recognizes that an agent may obligate himself on a contract for a disclosed principal, Durant Mankoff contends that the summary judgment evidence conclusively established Shank Irwin's liability on the engagement letter. In support of this contention, Durant Mankoff points to statements by A.B. Conant, a partner in Shank Irwin. In his deposition and his affidavit, Conant indicated that Shank Irwin obligated itself to pay Durant Mankoff the $85,000 fee if Hill refused to pay it. Durant Mankoff contends that these statements show that the parties intended that Shank Irwin would be obligated on the engagement letter.

In this case, neither Shank Irwin nor Durant Mankoff contend that the engagement letter is ambiguous, and neither party has pleaded an ambiguity in the letter. Consequently, we may not consider the parol evidence that Durant Mankoff cites. *Heffron v. Pollard,* 73 Tex. 96, 101, 11 S.W. 165, 167 (1889) (where a contract unambiguously shows that it was made solely on behalf of a disclosed principal, parol evidence is inadmissible to show that the agent is bound by the contract); *Pickering v. First Pyramid Life Insurance Co. of America,* 491 S.W.2d 184 (Tex.Civ.App. —Beaumont 1973, writ ref'd n.r.e.) (where

plaintiff had pleaded no ambiguity, court would not consider evidence of intent different from that found in contract language construed in light of precedent). The engagement letter itself, construed in light of *Eppler, Guerin & Turner*, conclusively establishes that Shank Irwin did not assume liability for payment of the $85,000.00 fee. Therefore, the trial court erred in granting Durant Mankoff's motion for summary judgment. Shank Irwin's first point of error is sustained.

 In its prayer for relief, Shank Irwin requests this court to render judgment in its favor on the contract claim. As the previous discussion indicates, under the pleadings in this case, we must construe the engagement letter as a matter of law. On this basis, the engagement letter conclusively establishes that Shank Irwin contracted solely as an agent for a disclosed principal and assumed no liability on the engagement letter. Therefore, Shank Irwin has established that it is entitled to judgment as a matter of law. When a court of appeals reverses a summary judgment, however, if the opposing party did not also move for summary judgment, the court of appeals may only remand the case to the trial court; it may not render judgment in favor of the nonmovant. *CRA, Inc. v. Bullock*, 615 S.W.2d 175 (Tex.1981) (per curiam). In this case, Shank Irwin filed no opposing motion for summary judgment. Nevertheless, Shank Irwin has conclusively established that it is entitled to judgment as a matter of law under the pleadings, and no questions of law or fact remain. Therefore, the trial court's judgment is reversed and the case is remanded to the trial court with instructions to enter judgment in favor of Shank Irwin on the contract claim. *Browning–Ferris, Inc. v. Johnson*, 644 S.W.2d 123 (Tex.App.—Austin 1982, writ ref'd n.r.e.).[4]

**4.** In its prayer for relief, Shank Irwin also requests that we remand the case to the trial court for a determination of its reasonable attorneys' fees as the prevailing party in its declaratory judgment action. However, once Durant Mankoff filed its action on the contract, Shank Ir-

## AL HILL'S APPEAL

In his first two points of error, Hill contends that the trial court erred in entering summary judgment against him on his cross action against Durant Mankoff. In that action, Hill set forth the facts surrounding the engagement letter. He presented his contentions that the $85,000.00 fee sought by Durant Mankoff was an unreasonable charge under the circumstances and that his payment of the fee would have been participation in tax fraud. As relief, Hill requested that the trial court "deny all relief sought with reference to the $85,000 fee" and that the trial court award him attorneys' fees and costs against Durant Mankoff.

In his brief, Hill presents the following arguments in support of his assertion that the trial court erred in granting summary judgment against him. First, Hill argues that the summary judgment evidence raised fact issues regarding the reasonableness of the $85,000.00 fee, the value of the tax opinions as consideration for the agreement, and other issues constituting a defense to Durant Mankoff's contract action. In addition, Hill argues that a principal is entitled to participate with its agent in any action in which the principal has an interest and to prosecute and defend all issues in such an action. Finally, Hill contends that the trial court's judgment will allow Shank Irwin to invoke the doctrines of collateral estoppel and res judicata to prevent Hill from raising his defenses in Shank Irwin's indemnity action.

 In his cross action, Hill did not seek a declaratory judgment that *he* had no liability to Durant Mankoff or Shank Irwin for the $85,000.00 fee. Instead he attempted to raise, by means of a cross action, defenses to Durant Mankoff's action to recover on the contract against Shank Irwin. Because Hill's cross action did no more than assert defenses to an action to which he was not a party, his cross action did not

win's request for declaratory judgment of non-liability became moot. *See Serna v. Cochrum*, 290 S.W.2d 383, 385–86 (Tex.Civ.App.—San Antonio 1956, writ ref'd n.r.e.). Under these circumstances, we decline to grant Shank Irwin the relief requested.

state a cause of action. In addition, Hill has stated no statutory or contractual basis for his claim of attorneys' fees. For these reasons, we conclude that the trial court was correct in granting summary judgment against Hill on his cross action. *See Jacobs v. Cude*, 641 S.W.2d 258, 261 (Tex. App.—Houston [14th Dist.] 1982, writ ref'd n.r.e.) (summary judgment based on a deficient pleading's failure to state a cause of action is proper where the deficiency cannot be cured by amendment).

 This case raises the question of the rights of a principal. Hill contends that he is entitled to participate, independently, in this action because of his status as a principal. However, he has cited no authority, and we have found none, supporting a third party's right to raise defenses by way of a cross action such as this. As a principal, Hill has the right to *demand of his agent* the opportunity to defend the agent. *See Butler v. Continental Oil Co.*, 182 S.W.2d 843 (Tex.Civ.App.—Galveston 1944, no writ). Hill has no standing to enter the lawsuit and assert defenses to Durant Mankoff's claim against Shank Irwin in an action independent of that right.

As to Hill's last argument, his brief indicates that he is concerned with the preclusive effect of a judgment against Shank Irwin as that relates to Shank Irwin's pending indemnity action against him. The preclusiveness of the judgment as between Shank Irwin and Hill is a function of whether Shank Irwin (as agent) accedes to the demand of Hill (the principal) to take over the defense of the suit. 182 S.W.2d at 845. Additionally, our disposition of Durant Mankoff's contract claim against Shank Irwin makes this concern moot. Hill's first two points of error are overruled.

In his third point of error, Hill contends that the trial court abused its discretion in severing Shank Irwin's indemnity action. In general, to preserve a complaint for appellate review, the complaining party must have presented a timely objection, motion or request to the trial court. *See PGP Gas Products, Inc. v. Fariss*, 620 S.W.2d 559, 560 (Tex.1981). The record does not indicate that Hill presented to the trial court an objection to its severance of Shank Irwin's indemnity action. Therefore, Hill has not preserved error as to the severance, and his third point of error is overruled. *See Ender v. First National Bank of Marshall, Texas*, 494 S.W.2d 606, 608 (Tex.Civ.App.—Texarkana 1973, no writ).

The judgment of the trial court granting Durant Mankoff summary judgment on Hill's cross action is affirmed. The judgment of the trial court granting Durant Mankoff summary judgment on its contract claim against Shank Irwin is reversed and that claim is remanded to the trial court with instructions.