MEMORANDUM OPINION




No. 04-02-00315-CV



IN THE INTEREST OF B.G.A.,



From the 73rd Judicial District Court, Bexar County, Texas


Trial Court No. 2002-PA-00580


Honorable Martha Tanner, Judge Presiding



Opinion by: Karen Angelini, Justice


Sitting: Paul W. Green, Justice

 Karen Angelini, Justice

 Sandee Bryan Marion, Justice


Delivered and Filed: April 2, 2003


AFFIRMED IN PART; REVERSED AND REMANDED IN PART

 This is an appeal from the trial court's granting of Appellee Dale Johnson's plea to the
jurisdiction and motion for severance. We affirm the judgment in part and reverse and remand in
part.

Background


 Before B.G.A. was born, her biological parents, Rebecca Adams Quiroga and Jason Quiroga,
both Texas residents, decided to place her in an open adoption. In re Lambert, 993 S.W.2d 123, 125
(Tex. App.--San Antonio 1999, orig. proceeding). The Quirogas selected Virginia residents Kevin
and Traci Lambert to be her adoptive parents. Id. The Lamberts have been B.G.A.'s managing
conservators since three days after her birth as a result of a judgment rendered by the 73rd Judicial
District Court of Bexar County, Texas. Id. This judgment, which was not appealed, terminated the
parent-child relationships between B.G.A. and the Quirogas and appointed the Lamberts her
managing conservators. Id. 

 Five months after the judgment was signed, the Quirogas petitioned the trial court to set the
termination decree aside and appoint them managing conservators. Id. The Lamberts filed a petition
for writ of mandamus in this Court, arguing that the trial court no longer had subject matter
jurisdiction over this matter. Id. at 126. We agreed and noted:

 The Texas version of the Uniform Child Custody Jurisdiction Act governed the trial
court's exercise of jurisdiction over the Quirogas' petition for bill of review to set
aside the judgment terminating their parental rights, as well as their request to be
appointed managing conservators. When viewed in the light of the TUCCJA, the
undisputed evidence establishes the trial court cannot exercise home state, substantial
connection, emergency, default, or continuing jurisdiction. Indeed, for a Texas court
to exercise jurisdiction on this record would undermine the purposes of the uniform
act and threaten exactly the kind of interstate conflict that the UCCJA and the PKPA
[Parental Kidnapping Prevention Act] were intended to prevent. We therefore hold
the TUCCJA does not permit the trial court to exercise jurisdiction over the
Quirogas' suit. 


Id. at 132. We then conditionally granted the writ of mandamus, stating that a writ would issue only
if the trial court failed to dismiss the Quirogas' suit for lack of jurisdiction. Id. at 133.

 Despite our opinion, the Quirogas again filed a bill of review, seeking to set the termination
decree aside and appoint them managing conservators of B.G.A. This time, however, along with
their bill of review, the Quirogas, seeking money damages, sued the Lamberts and Dale Johnson, an
attorney representing the adoption agency in the original termination proceeding, for fraud. The
Quirogas allege in their pleadings that the Lamberts and Johnson obtained their affidavits of
relinquishment of parental rights and waiver of interest through a material misrepresentation that
induced the Quirogas to relinquish their parental rights. In response to the Quirogas' suit, Dale
Johnson filed a plea to the jurisdiction and motion for severance. In his plea to the jurisdiction,
Johnson, relying on In re Lambert, 993 S.W.2d 123 (Tex. App.--San Antonio 1999, orig.
proceeding), argued that the trial court lacked subject matter jurisdiction over the Quirogas' suit
pursuant to the TUCCJA. In granting Johnson's plea to the jurisdiction and his motion to sever, the
trial court dismissed the Quirogas' bill of review and the fraud claim against Johnson. The trial court
then severed these claims from those against the Lamberts, thereby making the judgment final. The
Quirogas appealed the trial court's judgment.

Bill of Review


 In their first issue, the Quirogas argue that the trial court erred in granting the plea to the
jurisdiction, because the trial court had jurisdiction over the termination proceeding and therefore,
the bill of review attacking that judgment must be brought in that same court. During oral argument,
however, counsel for the Quirogas conceded that Johnson is not a party to the bill of review. Indeed,
as an attorney for the adoption agency, Johnson, himself, was not a party to the original termination
proceeding, nor would he be directly and materially affected by the successful prosecution of the bill
of review. Hunt v. Ramsey, 162 Tex. 133, 140, 345 S.W.2d 260, 264 (1961) (noting that all parties
whose interests are such that they would be, or might be, directly and materially affected are
necessary parties to a bill of review); Lowe v. Farm Credit Bank, 2 S.W.3d 293, 297 (Tex.
App.--San Antonio 1999, pet. denied) (same). Thus, whether the bill of review is granted does not
affect Johnson at all. Because Johnson is not a party to the bill of review, the trial court did not err
in dismissing the bill of review as to Johnson. We overrule this issue. 

 Fraud


 In their second issue, the Quirogas argue that the trial court erred in granting Johnson's plea
to the jurisdiction, because the trial court has subject matter jurisdiction over the fraud claim.
According to Johnson, however, the Quirogas only alleged fraudulent conduct necessary for a bill
of review to be granted, not a separate fraud claim against Johnson. As such, Johnson contends that
the trial court did not have subject matter jurisdiction pursuant to the TUCCJA. We disagree. After
reviewing the Quirogas' petition, we find that they have sufficiently pled a separate fraud cause of
action against Johnson. And, with respect to the TUCCJA preventing the district court from
exercising subject matter jurisdiction, the TUCCJA applies to suits affecting the parent-child
relationship ("SAPCR"). In re Lambert, 993 S.W.2d at 128. The Quirogas' fraud claim is not a
SAPCR suit, but a tort action. The TUCCJA, therefore, does not deprive the trial court of subject
matter jurisdiction over the Quirogas' fraud claim against Johnson.

 Johnson also argues that the Quirogas have pled themselves out of court by stating in their
petition that the district court "ha[d] acquired and retain[ed] continuing, exclusive jurisdiction of this
suit and of the child the subject of this suit as a result of prior proceedings." According to Johnson,
because the Quirogas erroneously stated the basis for the trial court's jurisdiction over their fraud
claim, the trial court does not have subject matter jurisdiction over the fraud claim. We disagree.
A Texas district court is a court of general jurisdiction. See Dubai Petroleum Co. v. Kazi, 12 S.W.3d
71, 75 (Tex. 2000). The Texas Constitution provides that the jurisdiction of a district court "consists
of exclusive, appellate, and original jurisdiction of all actions, proceedings, and remedies, except in
cases where exclusive, appellate, or original jurisdiction may be conferred by this Constitution or
other law on some other court, tribunal, or administrative body." Tex. Const. art. V, § 8. By
statute, district courts have "the jurisdiction provided by Article V, Section 8, of the Texas
Constitution," Tex. Gov't Code Ann. § 24.007 (Vernon 1988), and "may hear and determine any
cause that is cognizable by courts of law or equity and may grant any relief that could be granted by
either courts of law or equity." Id. § 24.008. For courts of general jurisdiction, the presumption is
that they have subject matter jurisdiction unless a showing can be made to the contrary. Dubai, 12
S.W.3d at 75 (citation omitted). Thus, all claims are presumed to fall within the jurisdiction of the
district court unless the Legislature or Congress has provided that they must be heard elsewhere. Id.

 The plaintiff, however, must "allege facts that affirmatively demonstrate the court's
jurisdiction to hear the cause." Tex. Ass'n of Bus. v. Tex. Air Control Bd., 852 S.W.2d 440, 446
(Tex. 1993). When reviewing a trial court order dismissing a cause for want of jurisdiction, we must
"construe the pleadings in favor of the plaintiff and look to the pleader's intent." Id. (citations
omitted). Here, the Quirogas' petition pled sufficient facts to demonstrate the trial court's
jurisdiction to hear the fraud claim. We, therefore, hold that the trial court has jurisdiction over the
Quirogas' fraud claim and sustain the Quirogas' second issue.

Severance


 In their third issue, the Quirogas argue that the trial court erred in severing their claims
against Johnson from their claims against the Lamberts. In general, to preserve a complaint for
appellate review, the complaining party must make a specific and timely objection. Tex. R. App. P.
33.1; PGP Gas Prods., Inc. v. Fariss, 620 S.W.2d 559, 560 (Tex. 1981); Shank, Irwin, Conant &
Williamson v. Durant, Mankoff, Davis, Wolens & Francis, 748 S.W.2d 494, 501 (Tex. App.--Dallas
1988, no writ). The record does not indicate that the Quirogas objected to Johnson's motion to
sever. Therefore, the Quirogas have not preserved error as to the severance, and their third issue is
overruled.

Frivolous Appeal


 Johnson has also requested that we sanction the Quirogas for filing a frivolous appeal. Texas
Rule of Appellate Procedure 45 provides that if the court of appeals determines that 

 an appeal is frivolous, it may--on motion of any party or on its own initiative, after
notice and a reasonable opportunity for response--award each prevailing party just
damages. In determining whether to award damages, the court must not consider any
matter that does not appear in the record, briefs, or other papers filed in the court of
appeals.


Tex. R. App. P. 45. Under the current rule, "just damages" are permitted if an appeal is objectively
frivolous and injures the appellee. Mid-Continent Cas. Co. v. Safe Tire Disposal Corp., 2 S.W.3d
393, 397 (Tex. App.--San Antonio 1999, no pet.). As we have sustained one of the Quirogas'
issues, we hold that this appeal is not objectively frivolous and deny Johnson's request for sanctions. 

Conclusion


 Because Johnson was not a party to the Quirogas' bill of review, we affirm that part of the
judgment dismissing the bill of review as to Johnson. However, having determined that the trial
court has subject matter jurisdiction over the Quirogas' fraud claim against Johnson, we reverse that
part of the judgment and remand the Quirogas' fraud cause of action to the trial court for further
proceedings consistent with this opinion.


 Karen Angelini, Justice


Publish